Amato, Appellant, *v.* Landy.

Argued October 1, 1964.

*Silvestri Silvestri,* for appellants.

*Bliss R. Mentzer,* with him *Weis & Weis,* for appellee.

OPINION PER CURIAM, December 3, 1964:

The minor-appellant, Kenneth J. Amato, was 7 years and 4 months old on January 29, 1959, at the time he was injured by an automobile operated by appellee. The minor, with other boys, was walking in an easterly direction on a suburban road in the morning shortly before 8:00 o'clock on his way to a school bus stop. He was on the northerly side, facing the direction of on-coming traffic. There was hard-packed snow on the surface of the roadway, and snow was piled along the road having been pushed there by a plow. The cleared portion was wide enough for two cars, although the right of way was 50 feet wide, with a paved width of 30 feet, and there was no curbing. Appellee, a neighbor in the area, was driving his car on his way to work, going the same direction as the children. He tapped his horn as he approached them from the rear, and when he was about to overtake them and moving at about 15 miles per hour, Kenneth Amato walked or moved to his right in front of the automobile and was struck, while the other boys moved to the left. The appellee was on his proper side of the road.

The jury returned a verdict for the appellee, and appellants appealed from the judgments entered on the verdict, after refusal of their motion for new trial, assigning as reason errors in the judge's charge, and that the verdict was against the weight of the evidence.

The plaintiffs called defendant as on cross-examination and other witnesses were also called by the plaintiffs as the plaintiffs' witnesses. Appellants maintain that the trial judge committed basic and fundamental error in charging the jury as follows: "To a large extent, the manner and the circumstances under which this accident happened was described by the defendant himself. He was called as a witness as on cross-examination by counsel for plaintiffs, and his testimony was uncontradicted by the plaintiffs except, perhaps, on a very few minor and perhaps unimportant details. A party calling an adverse witness—and the defendant was an adverse witness as far as the plaintiffs are concerned in this case—is bound by his uncontradicted testimony."

The record reveals the testimony given by the witnesses called by the plaintiffs sustained the Judge's statement in the charge. *Piwoz v. Iannacone,* 406 Pa. 588, pages 594-595, 178 A. 2d 707 (1962); *Rogan Estate,* 404 Pa. 205, 213, 171 A. 2d 177 (1961).

Appellants contend the trial judge erred in refusing plaintiff's point for charge in the words: "under the facts of this case there was no contributory negligence on the part of the minor plaintiff, Kenneth J. Amato." The judge charged in accordance with *Kuhns v. Brugger,* 390 Pa. 331, 340, 135 A. 2d 395 (1957).

The judge submitted the case to the jury with a proper charge under the law and in a clear and fair manner. The verdict was not against the weight of the evidence as shown by the record. There was more than sufficient evidence for the verdict.

The refusal of the court to grant a new trial will not be disturbed on appeal in the absence of a clear abuse of discretion or an error of law which controlled the outcome of the case or the decision of the lower court. *Hay v. B. & O. Railroad Co.,* 415 Pa. 190, 202

118

A. 2d 824 (1964); *Chambers v. Montgomery*, 411 Pa. 339, 192 A. 2d 355 (1963).

Judgments affirmed.

Mr. Justice MUSMANNO dissents.